Freeman, J.,
delivered the opinion of the court.
In 1850, a partnership was formed between complainant, then a resident of Virginia, and Lea Jessee, a resident of Hancock county, Tennessee, for the purpose of carrying on a mercantile business in the town of Sneedville. This partnership was to continue four years by the articles of agreement between the parties, but really continued until the death of Lea Jessee, in August, 1864. This firm went under the name and style of Lea Jessee & Co. In 1851, a partnership was formed between the above firm and R. M. Ham-blin, for the purpose of carrying on a branch of the *153 business at a place known as “Rob Camp,” in the county of Hancock. The terms on which these two partnerships were to be conducted, are found in articles of agreement set out .in the record, and will be referred to, as far as .questions are raised on them, in a. subsequent part of this opinion.
The bill is filed in this case mainly for the purl pose of winding up and finally settling these two partnerships, by Tyler, the surviving partner, against the representative widow and heirs and distributees of Lea Jessee, deceased, and Hamblin.
Incidental to this, however, another question is presented. It is charged, that one James A. Bird was indebted to the firm of Lea Jessee & Co. to the amount of several hundred dollars, and that to secure the same, and other creditors, Bird made a deed of trust to one Brown, as trustee, of a tract of land of three hundred and fifty acres, in Hawkins county; that the land was sold under this deed of trust, and bid off by the firm, for an amount less than the debts and interest secured by the deed, and the other creditors paid their pro rata share of the amount bid— a deed was made to the firm by the trustee. Since said sale, one William E. Bird, a brother of James A., claims the land under a deed from his brother. This deed from James A. to William E., was made January, 1843, and registered soon after made. This deed is alleged to be fraudulent, and without consideration — and the prayer of the bill is, that “the deed from James A. to William E. Bird, be declared fraudulent and void, and set aside, and that the land be *154 sold as the other lands in the bill mentioned, for the purpose of settling up said partnership. James A. Bird is not made party to this bill.
The question presented, then, is simply as to whether a purchaser , under a deed of trust, made after another conveyance, which last .deed is registered regularly, can come into a court of equity to have the deed, so made- and registered before the trust deed under which his purchase is made, set aside for fraud against creditors or want of consideration. The deed sought to be set aside, although it might have been fraudulent as tO' creditors at the time, was good as between the maker and the party to whom the land was conveyed.
It being registered, it was notice to all the world, and all purchasers, take with notice of its existence. Creditors might have had it declared void for their benefit, and subjected the land to satisfaction of their debts. It is true, the purchaser in this case, under the deed of trust, ■ was also at the time a creditor of James A. Baird, but does not file his bill in that character, as is shown by the form of the bill and its prayer, as well as by the fact that the alleged debtor, James A. Bird, is not made a party to the bill. This would have been necessary, if the object had been to have the land subjected to the payment of .the debt.
It is unnecessary for us to decide the question, as to whether the deed was originally fraudulent, as to creditors seeking the enforcement of their debts, as no such case is made in the bill. The Chancellor properly dismissed the bill as to W. E. Bird.